NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2440
_____

PAUL HYACINTH ESTANIO,
AKA Paul H. Estanio,
AKA Paul Estanir,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A088-447-203)
Immigration Judge: Hon. Margaret Reichenberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2020

Before:   JORDAN, KRAUSE, and RESTREPO, *Circuit Judges*.

(Filed: November 23, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Paul Estanio seeks judicial review of a final order of the Board of Immigration Appeals ("BIA") declining to *sua sponte* reopen his removal proceedings. For the reasons that follow, we lack jurisdiction to review the BIA's decision and will dismiss the petition for review.

## I.   BACKGROUND

Estanio is a native and citizen of Saint Lucia. He entered the United States without inspection on July 1, 2001. A dozen years later, on April 5, 2012, the Department of Homeland Security ("DHS") issued Estanio a Notice to Appear charging him with removability, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled. Through his counsel, Estanio conceded removability and sought relief in the form of cancellation of removal, which the Immigration Judge ("IJ") declined to give. The BIA affirmed. Estanio then filed a timely petition for review, which we dismissed after he withdrew his petition.

Though a removal order had been entered, Immigration and Customs Enforcement ("ICE") did not remove Estanio and instead permitted him to remain in the United States under the supervision of a deportation officer. After the removal order was already in place, Estanio married his wife, who is a United States citizen. She filed an I-130 relative petition on his behalf, which was approved. Following the approval of his I-130 petition, Estanio obtained an "immediately available" visa number. *See* 8 U.S.C. § 1151(b)(2)(A)(i). According to Estanio, upon receipt of his "immediately available"

2

visa number, he qualified to apply for adjustment to lawful permanent resident ("LPR") status, pursuant to 8 U.S.C. § 1255(i).[1]

Estanio filed a motion with the BIA to reopen his removal proceedings, attaching his application for adjustment of status. He asked the BIA to exercise its discretion to *sua sponte* reopen his removal proceedings and remand to the IJ for adjudication of his application for relief from removal. The DHS did not file an opposition to Estanio's motion, but the BIA denied his motion as untimely[2] and held, in pertinent part, that he

---

[1] Under 8 U.S.C. § 1255(i)(1), "an alien physically present in the United States" who "entered the United States without inspection" may apply for lawful permanent residence status if the alien is a beneficiary of an I-130 filed on or before April 30, 2001. Upon receipt of that application, "the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if" that alien has an "immediately available" visa number and "is admissible to the United States for permanent residence." 8 U.S.C. § 1255(i)(2).

Estanio obtained his "immediately available" visa number as a beneficiary of an I-130 filed in 2017, which would not permit his application for adjustment of status under 8 U.S.C. § 1255(i)(1). Estanio asserts, however, that he is also the beneficiary of an I-130, "as a derivative beneficiary," that was filed on behalf of his father and approved in 1998. (Opening Br. at 8.) *See* 8 U.S.C. § 1255(i)(1) (noting that a beneficiary "includ[es] a spouse or child of the principal alien, if eligible to receive a visa under section 1153(d) of this title"). According to him, "[t]he immediately available visa number provided by [his wife's] I-130, combined with the I-130 approved for Mr. Estanio's father, Egbert, made Mr. Estanio newly eligible to apply for adjustment to LPR status pursuant to 8 U.S.C. § 1255(i)." (Opening Br. at 7.) We do not opine on the correctness of Estanio's interpretation. Nor do we offer any opinion regarding Estanio's asserted eligibility to apply for adjustment of status as a derivative beneficiary of an I-130 petition filed on behalf of his father. To do so would require us to review evidence and determine in the first instance whether Estanio demonstrated a parent-child relationship existed at the time the I-130 was filed on behalf of his father. None of that is necessary to our determination here.

[2] Estanio does not dispute the untimeliness of his motion to reopen his removal proceedings.

3

failed to "present any exceptional situation warranting *sua sponte* reopening." (A.R. 3.) The BIA explained that "becoming potentially eligible for relief … is common and does not constitute an exceptional circumstance" that merits *sua sponte* reopening. (A.R. 4.) Estanio filed a motion to reconsider and the BIA sustained its original position and denied his motion. Estanio has now timely petitioned for review.

## II. DISCUSSION[3]

We ordinarily lack jurisdiction to review a denial of a motion to *sua sponte* reopen because the BIA maintains "unfettered discretion" to decide whether to exercise its *sua sponte* authority to reopen immigration proceedings. *Pllumi v. Att'y Gen.*, 642 F.3d 155, 159 (3d Cir. 2011); *see also* 8 C.F.R. § 1003.2(a). "However, the discretionary character of a decision to reopen *sua sponte* does not" render the Court "powerless to point out when a decision is based on a false legal premise." *Pllumi*, 642 F.3d at 160. "If the reasoning given for a decision not to reopen *sua sponte* reflects an error of law, we have the power and responsibility to point out the problem, even though ultimately it is up to the BIA to decide whether it will exercise its discretion to reopen." *Id.* Likewise, a BIA decision remains "within our ambit of review" when the BIA has narrowed its "unfettered agency discretion … by settled practice to the point where a[ ] [decision] irrational[ly] depart[ing] from that practice might constitute abuse" and permit meaningful judicial review for abuse. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651-53 (3d Cir. 2017) (citation omitted).

---

[3] The BIA had jurisdiction over Estanio's motion to reopen under 8 C.F.R. § 1003.2(a). We have jurisdiction pursuant to 8 U.S.C. § 1252.

4

Estanio claims that "both the 'false legal premise' and 'settled course of adjudication' exceptions to the [jurisdictional] rule against review" apply to the BIA's decision in his case. (Reply Br. at 1.) We disagree.

**A.** **The "Incorrect Legal Premise" Exception Does Not Apply Because the BIA Predicated Its Refusal to *Sua Sponte* Reopen on the Lack of Exceptional Circumstances.**

According to Estanio, the BIA "'misapprehended the breadth of its own authority' by incorrectly ruling that it did not have the discretion to grant *sua sponte* reopening based on new eligibility for relief from removal[.]" (Reply Br. at 2 (quoting *Pllumi*, 642 F.3d at 161-62).) But that mischaracterizes the ruling. The BIA did not premise its decision on an incorrect belief about its discretion. Rather, it clearly stated that "[t]he record … does not present any exceptional situation warranting *sua sponte* reopening" because "becoming potentially eligible for relief or suffering some degree of hardship is common and does not constitute an exceptional circumstance warranting *sua sponte* reopening."[4] (A.R. 3-4 (emphasis added).) Thus, the BIA understood that Estanio's potential eligibility for new relief could be considered – and in fact the issue was considered – when deciding whether to reopen his removal proceedings. *See Park*, 846 F.3d at 655. As a result, the BIA did not base its decision on a false legal premise.

---

[4] Estanio further asserts that the BIA's decision incorrectly "indicates that new eligibility for relief *never* warrants reopening[.]" (Opening Br. at 13 (emphasis added).) That articulation, however, fails for the same reasons though. The BIA made its ruling based on lack of exceptional circumstances in *this* case, regardless of how Estanio tries to reframe that decision as an incorrect legal premise.

**B.      The "Settled Course" Exception Does Not Apply Because the BIA Hasn't Constrained Its Discretion to Deny Motions to *Sua Sponte* Reopen Where an Applicant Establishes New Eligibility for Adjustment of Status.**

"[T]o invoke the 'settled course' exception to our rule against review of orders denying *sua sponte* reopening requests," the petitioner must demonstrate that the BIA has constrained its discretion through a method that permits meaningful review of that discretion for abuse.  *Park*, 846 F.3d at 653.  Petitioner's "showing must be persuasive enough to allow the reasonable inference that the BIA's discretion has in fact been limited."  *Id.*  Here, Estanio claims that the BIA contravened its settled policy of reopening proceedings "where the applicant establishes new eligibility for adjustment of status."  (Opening Br. at 19.)  While he offers several examples of BIA decisions granting motions to *sua sponte* reopen in which new eligibility for adjustment of status was a factor considered, "a 'pattern' of dispositions whose contours are not clearly defined or which is not tailored to the petitioner's circumstances" is generally insufficient to invoke the settled course exception.  *Park*, 845 F.3d at 653.  That is certainly the case where, as here, we have previously rejected a petitioner's similar contention.  *Id.*  And our independent investigation does not reveal any change favorable to Estanio's position in the BIA's decisions since *Park*.  *See, e.g.*, *In re Vargas*, 2018 WL 3007207, at *1 (BIA Apr. 11, 2018) ("Becoming potentially eligible for relief after a final administrative decision has been entered is common and does not, in itself, constitute an exceptional circumstance warranting consideration of an untimely motion to reopen."); *In re Irigoyen*, 2018 WL 4002313, at *2 (BIA June 25, 2018) (same); *In re Villatoro-Reyes*,

2018 WL 5921032, at *1 (BIA Sept. 28, 2018) (same); *see also In re Lopez-Vasquez,* 2018 WL 4002311, at *2 (BIA June 26, 2018) ("[A]n individual's acquisition of equities, including becoming eligible for relief from removal, after remaining in the United States for many years and the resulting hardships to that person's spouse or children following a removal order are common situations. However, the authority to reopen proceedings sua sponte is limited to exceptional circumstances and is not meant to cure filing defects or circumvent the regulations where enforcing them might result in hardship." (citations omitted)).

Accordingly, we conclude that Estanio has failed to show a meaningful restriction of the BIA's discretion with regard to similarly situated aliens. Without a reasonable inference of such a limitation, we lack jurisdiction over Estanio's petition for review.

## III.  CONCLUSION

For the foregoing reasons, we will dismiss the petition for review for lack of jurisdiction.

7